UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL J. MESSINA                      CIVIL ACTION

VERSUS                                  NO: 07-1214

LOWE'S HOME CENTERS, INC.               SECTION: "S" (3)

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Lowe's Home Centers, Inc.'s motion for judgment on the pleadings or, alternatively, for summary judgment is **DENIED**. (Document #9.)

**IT IS FURTHER ORDERED** that Michael J. Messina's cross motion for partial summary judgment is **GRANTED IN PART AND DENIED IN PART**. (Document #12.)

### I. BACKGROUND

On November 8, 2005, Michael J. Messina was terminated by Lowe's Home Centers, Inc. (Lowe's) from his position as store manager in Metairie, Louisiana, for failure to "meet company standards." Messina made a demand for that portion of the 2005 "Store Operations Incentive Program" bonus that was earned to the date of termination, but Lowe's rejected the demand because Messina was not employed at the end of the fiscal year.

Lowe's decision was based on a memorandum of agreement associated with Messina's promotion to store manager, which he received and signed on November 6, 2002.  Def.'s exh. A2.  The Lowe's bonus program is described as follows:

> Bonus Program
>
> You are eligible to receive any bonus earned in the previous position prior to your PDC transfer date.  You will receive any bonus earned in the new position after your PDC transfer date.  All results are calculated on year-end results only.  All payments will be made after the end of the fiscal year.
>
> You must be working in Metairie, LA. in your new position as of the last day of each fiscal year in which you receive a payment.  Lowe's 2002 Management Bonus Program Measurement Criteria/Rules #1-#12 will still apply.  As you know, any bonus payment requires you to be in your current or a higher level position at Lowe's as of the last day of the fiscal year.

Def.'s exh. A2.

> The Measurement Criteria Rules for the relevant period provide in part:
>
> 1.  Bonus performance period is Fiscal Year 2005 beginning on January 29, 2005 and ending on February 3, 2006.
> . . . .
> 4.  All annual bonus calculations are based on year-end results and prorated based on number of days in bonus eligible position(s) unless otherwise noted.  Leaves of absence will not be considered days in bonus eligible position.
> . . . .
> 7.  Employee must be actively employed by the Company on February 3, 2006 in the same, equivalent or higher level position to receive any annual bonus payment.  Some bonus programs may require active employment on date of award distribution.
> . . . .
> 10. If terminated (voluntarily or involuntarily) or demoted during the bonus (annual, semi-annual, or monthly) performance period, then all prior bonus eligibility is forfeited.

Def.'s exh. A3.

2

Messina filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging claims under the Wage Payment Act, La. Rev. Stat. 23:631. Lowe's removed the case to federal court.

Lowe's filed a motion for judgment on the pleadings or, alternatively, for summary judgment. Messina filed a motion for partial summary judgment.

## II. DISCUSSION

### A. Summary judgment standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. Louisiana Wage Payment Act

Lowe's contends that the Wage Payment Act[1] does not apply to bonus payments because

---

[1] **§ 631. Discharge or resignation of employees; payment after termination of employment**

   A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever

they are not wages and are not due upon termination. Lowe's argues that the bonus program is based on the store's financial performance as determined at the end of the fiscal year. Lowe's maintains that Messina lost his bonus eligibility when he was terminated, whether voluntarily or involuntarily.

Messina argues that the Wage Payment Act applies because the bonus is an amount due "under the terms of employment." Messina further argues that the clause that provides for a forfeiture of the bonus for involuntary termination is against public policy and that he was not terminated for cause.

In <u>Morse v. J. Ray McDermott & Co., Inc.</u>, 344 So.2d 1353, 1354 (La. 1976), the Supreme Court of Louisiana considered whether clauses forfeiting rights under a supplemental compensation plan for salaried managerial employees are contrary to law and against public policy. The supplemental compensation plan provided that, if employment is terminated for reasons other than death, disability, or retirement, all unpaid portions of prior current awards were forfeited. <u>Id</u>. at 1355. The Supreme Court of Louisiana stated that "[t]he enforceability of the forfeiture and non-vesting clauses, where the employee resigns or is discharged for cause, is justified in the light of the purposes and respective causes or motives of the parties in making a contract similar to the present." <u>Id</u>. at 1358. "Nevertheless, stipulations voluntarily entered into between the parties may be considered null if contrary to public policy established by laws enacted for the preservation of social order or if contrary to moral conduct." <u>Id</u>. The Supreme Court of Louisiana held that the "clauses are manifestly unjust, contrary to public order and

---

occurs first.

public policy, and unenforceable, if sought to be applied in a circumstance where, by the unilateral act of the employer, the employee is prevented from performing his part of the bargain to complete vesting of deferred compensation benefits." Id.

In Williams v. Dolgencorp, Inc., 888 So.2d 260, 262-64 (La.Ct.App. 2004), the Court of Appeal concluded that the bonus, which was calculated as a percentage of the store's fiscal year-end net profit, sought by the terminated employee "is considered wages due under the terms of her employment." In Williams, the plaintiff was willing to meet the requirement that she be employed on the last day of the fiscal year, but failed to do so because of the actions of her employer. Id. at 264. The Court of Appeal held that the "requirement of continued employment throughout the bonus period with no remedy for an involuntary termination that was not based on the employee's misconduct is unenforceable as against public policy." Id.

The court concludes that the Wage Payment Act applies in this case. Further, it is against public policy in Louisiana to impose a requirement of continued employment through the bonus period without a remedy for termination that is not based on employee misconduct. However, although Messina argues that he was terminated without cause, there are genuine issues of material fact concerning the reasons for his termination.

### III. CONCLUSION

Accordingly, Lowe's motion for summary judgment on the issue of whether the Wage Payment Act applies is denied. Messina's motion for partial summary judgment is granted as to the applicability of the Wage Payment Act and the public policy considerations of the forfeiture

clauses in the bonus plan .  There are disputed issues of material fact as to the basis for Messina's termination, and the motion is denied insofar as it implicates this issue.

New Orleans, Louisiana, this   26th   day of June, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**